Wells Fargo Bank, N.A. v Ippolito (2019 NY Slip Op 06531)





Wells Fargo Bank, N.A. v Ippolito


2019 NY Slip Op 06531


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2016-11216
 (Index No. 130782/12)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Michael J. Ippolito, etc., et al., appellants, et al., defendants.


Law Office of Nicholas M. Moccia, P.C., Staten Island, NY, for appellants.
Woods Oviatt Gilman LLP (Reed Smith LLP, New York, NY [Zalika T. Pierre and Andrew B. Messite], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Michael J. Ippolito and Lucille Ippolito appeal from findings of fact and conclusions of law of the Supreme Court, Richmond County (Kenneth R. McGrail, Ct. Atty. Ref.), dated September 23, 2016. The findings of fact and conclusions of law, upon an order of the same court (Judith N. McMahon, J.) dated March 28, 2016, referring the matter to a Court Attorney Referee to hear and determine the issues of the "timeline leading to [the appellants'] default and [the] circumstances of [a prior modification order]," and after a hearing, found that the plaintiff properly declared the mortgage to be in default and that the plaintiff was justified in finding the appellants unqualified for a loan modification, and remitted the matter to the Residential Foreclosure Part of the Supreme Court for further proceedings.
ORDERED that the appeal is dismissed, with costs.
In this action to foreclose a mortgage, the plaintiff moved, inter alia, for summary judgment on the complaint, to strike the answer of the defendants Michael J. Ippolito and Lucille Ippolito (hereinafter together the appellants), and to appoint a referee to compute the amount due to the plaintiff. The appellants cross-moved for summary judgment dismissing the complaint insofar as asserted against them or, in the alternative, to compel the plaintiff to comply with discovery demands and to schedule a "bad faith hearing" pursuant to CPLR 3408 based on the plaintiff's failure to negotiate in good faith. In an order dated March 28, 2016, the Supreme Court referred the matter to a Court Attorney Referee to hear and determine the issues of the "timeline leading to [the appellants'] default and [the] circumstances of [a prior modification order]." Following a hearing, the Court Attorney Referee issued findings of fact and conclusions of law dated September 23, 2016, in which he found that the plaintiff properly declared the mortgage to be in default and that the plaintiff was justified in finding the appellants unqualified for a loan modification, and remitted the matter to the Residential Foreclosure Part of the Supreme Court for further proceedings.
No appeal lies from findings of fact and conclusions of law (see Nationstar Mtge., LLC v Guy, 140 AD3d 1131; Baez v First Liberty Ins. Corp., 95 AD3d 1250; ELRAC, Inc. v Belessis, 303 AD2d 445). As the paper appealed from did not decide the plaintiff's motion or the appellants' cross motion, but merely set forth findings of fact and conclusions of law following the [*2]completion of a hearing, the appeal must be dismissed (see Nationstar Mtge., LLC v Guy, 140 AD3d at 1131).
MASTRO, J.P., BALKIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court